UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DWANYIETTA THIBODEAUX | * | CIVIL ACTION NO. 26-396 |
| | * | |
| VERSUS | * | SECTION: "A"(5) |
| | * | |
| VERIZON WIRELESS SERVICES, | * | JUDGE JAY C. ZAINEY |
| LLC ET AL. | * | |
| | * | MAGISTRATE JUDGE MICHAEL |
| | * | NORTH |

## ORDER AND REASONS

Before the Court is a **Motion to Remand and Request for Attorney Fees (R. Doc. 10)** filed by Plaintiff, Dwanyietta Thibodeaux. Defendants, Cellco Partnership d/b/a Verizon Wireless ("Cellco") and Verizon Wireless Services, LLC (together as "Verizon Defendants") oppose the motion. The motion submitted for consideration on April 1, 2026, is before the Court on the briefs without oral argument. For the following reasons, the Court **DENIES** the motion.

### I.    Background

On August 27, 2025, Thibodeaux filed suit in the 24th Judicial District Court for the Parish of Jefferson against Verizon Wireless Services, LLC, alleging only state law claims for employment discrimination.[1] The matter was removed to the Eastern District of Louisiana by Cellco, a non-party. The Court remanded the matter because of this procedural defect.[2] On January 27, 2026, Plaintiff amended her petition in state court, naming, in addition to Verizon Wireless Services, LLC, Cellco and Global

---

[1] R. Doc. 1, Not. Of Removal and Improper Joinder, ¶2.
[2] *Thibodeaux v. Verizon Wireless Services, LLC.*, No. 25-2065, 2026 WL 201158 (E.D. La. Jan. 22, 2026) (Zainey, J.).

Force Security LLC ("Global Force").[3] Global Force is a Louisiana Limited Liability Company, and Thibodeaux alleges that she is also a Louisiana citizen.[4]

Cellco, now properly added as a party, timely re-removed the ostensibly non-diverse case to federal district court, on the grounds that Global Force has been improperly joined solely for the purposes of destroying diversity.[5] Cellco asserts that Thibodeaux's claims against Global Force are unrelated to any claim of employment discrimination and lie solely in negligence, and that any negligence claims are clearly prescribed on the face of the amended petition.[6]

Thibodeaux filed this motion to remand, arguing that (1) the claims against Global Force have not prescribed because Global Force is a joint tortfeasor with Verizon Defendants, so interruption of prescription against Verizon Defendants also interrupted prescription against Global Force; and (2) the first amended petition relates back to the original petition for prescription purposes.[7] Therefore, according to Thibodeaux, the Court does not have subject matter jurisdiction under 28 U.S.C. §§ 1332(a) because Global Force is a properly added, non-diverse defendant.

To determine if Global Force is a properly joined party, it is important to assess its role (if any) in the underlying employment discrimination suit. On May 30, 2024, Thibodeaux, an African American woman, was working as a manager at the Verizon

---

[3] R. Doc. 1-2, Pl.'s First Supplemental, Amending, and Superseding Petition for Damages, ¶¶ 3-4.

[4] *Id.* ¶¶ 1; 4. The Court notes that the removing party has not alleged the citizenship of the members of Global Force Services, LLC. However, neither party disputes its citizenship, so the Court will not *sua sponte* raise the issue.

[5] R. Doc. 1 ¶ 1. While this case was originally assigned to Section M of the Court, it was transferred to this Section because of its relationship to the earlier case that was previously remanded by this Section.

[6] *Id.* ¶ 14.

[7] R. Doc. 10-1, Memo. in Support of Mot. to Remand, at 8.

Wireless store in Harvey, Louisiana.[8] She alleges that she encountered a patron who became irate after Thibodeaux informed the customer that he would owe $400.00 to replace his phone screen.[9] The customer became so unruly – he started yelling racial slurs and spitting at other employees – that Thibodeaux had to intervene and ensure that the customer exited the store.[10] Thibodeaux alleges that a Global Force security officer was present during the incident but took no action to de-escalate the situation and/or remove the customer from the premises.[11] In her petition, Thibodeaux explains that "because the situation escalated so quickly and she had not accessed the Customer's account, she was unable to file an incident report at that moment. She reasonably expected that if further follow-up were needed, her supervisor or human resources would initiate it."[12]

In August 2024, a human resources representative arrived at the store and informed Thibodeaux that the company had initiated an internal investigation concerning the incident.[13] On October 10, 2024, while Thibodeaux was out on approved medical leave, her supervisor called to inform Thibodeaux that her employment had been terminated.[14] Cellco maintains that Thibodeaux's employment was terminated due to her violation of company policy and her failure to report the security incident at the store.[15] Thibodeaux alleges that she was subjected to

---

[8] R. Doc. 1-2 ¶ 16.
[9] *Id.*
[10] *Id.* ¶ 21.
[11] *Id.*
[12] *Id.* ¶ 22.
[13] *Id.* ¶ 23.
[14] *Id.* ¶ 24.
[15] R. Doc. 11, Cellco's Opp. to Mot. to Remand., at 2

unlawful discriminatory termination based on her race since only the three African American employees were terminated or disciplined regarding the incident.[16]

Verizon Wireless contracted Global Force to provide security services at the Harvey store.[17] In her amended petition, Thibodeaux brought claims against Verizon Defendants for negligent hiring, supervision, and retention because she claims that they "knew or should have known that Global Force and its assigned personnel were unfit, untrained, or inadequate to provide proper security services."[18] She alleges that Verizon Defendants and Global Force together caused her injuries, and therefore, "Defendants are jointly, severally, and solidarily liable for all damages under Louisiana Law."[19] Thibodeaux does not allege that Global Force played any further role in her termination beyond the security guard's alleged failure to intervene during Thibodeaux's encounter with the unruly customer.

The record reflects that the amount in controversy is met, that diversity jurisdiction exists as to Thibodeaux and Verizon Defendants, and that Global Force and Thibodeaux are both citizens of Louisiana.[20] Accordingly, the Court must determine whether Global Force was improperly joined and must be dropped from the case – meaning the Court retains original jurisdiction – or that joinder was proper and the Court must remand the matter.

---

[16] R. Doc. 1-2 ¶ 21.

[17] R. Doc. 10, Mot. for Remand and Requests for Attorney Fees, at 2.

[18] R. Doc. 1-2 ¶ 43.

[19] *Id.* ¶ 46.

[20] *See* R. Doc. 1 ¶¶ 1; 20-22. A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002). A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." 28 U.S.C. § 1332(a).

## II.      Legal Standard

28 U.S.C. § 1441(a) authorizes removal if a federal district court would have original jurisdiction over the matter. Because removal implicates issues of federalism, and because federal courts have a narrow jurisdictional grant, "[r]emoval statutes . . . are to be construed 'strictly against removal and for remand.'" *Hicks v. Martinrea Automotive Structures (USA), Inc.*, 12 F.4th 511, 515 (5th Cir. 2021) (quoting *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996)). It is well-settled that the party invoking the federal court's jurisdiction has the burden of proving that such jurisdiction exists. *See Ticer v. Imperium Ins. Co.*, 20 F.4th 1040, 1045 (5th Cir. 2020); *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). Doubts regarding the propriety of removal jurisdiction should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Suits may only be removed under diversity jurisdiction "if [none] of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b) (emphasis added). Because Thibodeaux and Global Force are non-diverse, removal is only proper if Global Force has been improperly joined. "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

5

Improper joinder exists in the following scenarios: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). In determining whether a party can establish a cause of action, the issue is whether there is "no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To decide whether a reasonable basis of recovery exists, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Typically, if a plaintiff survives this analysis, then there is no improper joinder. *Id.*

### III.    Discussion

As an initial matter, Thibodeaux argues that the Court may not consider the disputed issues at the remand stage because doing so would require "the Court to conduct an extensive, detailed analysis of Plaintiff's claims and determine […] whether Plaintiff *will* recover against Global Force."[21] This is incorrect. As discussed above, the Court may conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in- state defendant." *Smallwood*, 385 F.3d at 573-74. The Court's review of the pleadings and its subsequent analyses of whether Global Force was a joint tortfeasor with Verizon

---

[21] R. Doc. 12, Reply Memo. in Further Support of Mot. to Remand, at 3.

Defendants and whether Thibodeaux's amended petition relates back for prescription purposes are not "a determination as to the merits of plaintiff's case."

In her amended petition, Thibodeaux asserts a state law claim against Global Force for negligence because of its alleged failure to properly hire, train and supervise its employees, i.e., the security guard.[22] She brings a separate state law claim against Verizon Defendants for their alleged negligent hiring, supervision and retention of its security contractors, i.e., Global Force.[23] She also claims that the "the risk of harm encountered by Mrs. Thibodeaux was within the scope of its duties owed by Global Force" and that "this type of situation was clearly foreseeable by Global Force as dealing with irate customers should have been anticipated while providing security services to Verizon and/or Cellco."[24] The Court does not need to analyze this tort claim or go beyond a summary inquiry to determine that Global Force and Verizon Defendants are not joint tortfeasors in this action because, as alleged by Thibodaux, her sole injuries arose from her employment termination in October 2024, *not* from any encounter with an irate customer in May 2024.

The Louisiana Supreme Court has defined the term "joint tortfeasor" as

> one whose conduct (whether intentional or negligent) combines with the conduct of another so as to cause injury to a third party. The term "joint tortfeasor" may be applied both to the situation where two or more persons are acting together in concert, or where the negligence of concurrent tortfeasors... occurs or coalesces contemporaneously, to produce an injury. When joint tortfeasors conspire to commit an intentional or willful act, they are solidarily liable for the damage they case. If liability is not solidary

---

[22] R. Doc. 1-2 ¶ 21.
[23] *Id.* ¶ 42.
[24] *Id.* ¶ 36.

> for damages caused by joint tortfeasors because the actions
> are not intentional or willful, then liability for damages
> caused by two or more persons is a joint and divisible
> obligation.

*Milbert v. Answering Bureau, Inc.,* 120 So. 3d 678, 688 (La. 2013) (citations and footnotes omitted). Apparently, Thibodeaux is trying to connect the chain of events that she believes began with her encounter with a belligerent customer and ended with her termination months later. But these events clearly did not occur contemporaneously, and she does not allege that Global Force and Verizon Defendants acted in concert to terminate her employment. Accordingly, Global Force and Verizon Defendants are not joint tortfeasors.

Thibodeaux also argues that her action against Global Force relates back to the original pleading. The Louisiana Supreme Court has established four criteria for determining whether an amended pleading that adds a defendant relates back to the date of the filing of the original petition:

1. The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

2. The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

3. The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;

8

4. The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Ray v. Alexandria Mall*, 434 So. 2d 1083, 1086-87 (La. 1983). All four elements are required for the amendment, which adds additional parties, to relate back to the original petition. *Bryant v. Tokio Marine HCC*, 351 So. 3d 837, 843 (La. App. 2d Cir. 2022). The Court need not engage in a detailed analysis of each of these criteria because clearly not all four elements are present in this case. Global Force is a wholly separate legal entity. Thibodeaux claims that if she had not mistakenly assumed that the security guard's employer was Verizon Defendants, then she would have sued Global Force as the proper employer. However, there is no indication that, but for this mistake, Global Force knew or should have known that a suit would be brought against it. Global Force has no relation to Thibodeaux's termination other than the fact that one of its security guards was present during the May 30, 2024, incident.

The parties do not dispute that, without interruption of prescription or relation back, the negligence claims against Global Force have prescribed.[25] As discussed above, the Court concludes that Global Force and Verizon Defendants are not joint tortfeasors and that the amended petition does not relate back, as to the claims against Global Force. Thus, there is no possibility that Thibodeaux can recover

---

[25] At the time of the incident involving Global Force's potential negligence, Louisiana tort actions were subject to liberative prescription of one (1) year, and this time period began to run on the day the injury occurred, or the damages were sustained. La. Civ.Code art. 3492. There is no dispute that this one-year prescriptive period would govern any negligent claims at issue. And Thibodeaux would have had to file her claims against Global Force within one year from the May 30, 2024, incident. She did not file suit against any of the defendants until August 27, 2025.

against Global Force because the time to bring any such action has prescribed. Because the Court lacks subject matter jurisdiction over Global Force, the claims against it must be dismissed without prejudice. *See Alviar v. Lillard*, 854 F.3d 286, 291 (5th Cir. 2017) ("the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance").

Accordingly;

**IT IS ORDERED** that the **Motion to Remand and Request for Attorney Fees (R. Doc. 10)** filed by Plaintiff is **DENIED.**

**IT IS FURTHER ORDERED** that any claims against Global Force Security LLC are **DISMISSED WITHOUT PREJUDICE**.

May 4, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

10