UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DWANYIETTA THIBODEAUX | * | CIVIL ACTION NO. 26-396 |
| | * | |
| VERSUS | * | SECTION: "A"(5) |
| | * | |
| VERIZON WIRELESS SERVICES, | * | JUDGE JAY C. ZAINEY |
| LLC ET AL. | * | |
| | * | MAGISTRATE   JUDGE   MICHAEL |
| | * | NORTH |

**ORDER AND REASONS**

Before the Court is a **Motion for Reconsideration of Order Denying Remand, or, Alternatively, Motion for Entry of Final Judgment (R. Doc. 14)** filed by Plaintiff, Dwanyietta Thibodeaux. This Order and Reasons assumes familiarity with the instant employment discrimination case and recounts only those facts strictly necessary to resolve the pending motion.

In short: Thibodeaux sought to add a Louisiana-based limited liability company, Global Force Security LLC ("Global Force") to her claim against her employer, the "Verizon Defendants." The addition of Global Force seems to be motivated, at the very least in part, to defeat federal jurisdiction. However, the Court previously denied Thibodeaux's motion to remand the case to state court because the claim against Global Force has prescribed. R. Doc. 13. The Court also found Thibodeaux's argument that the Verizon Defendants and Global Force are joint tortfeasors unpersuasive. To reiterate, the only role that Global Force played in the racial discrimination claim brought against the Verizon Defendants is that one of

1

Global Force's security guards was on duty at the Verizon store when the events occurred that led to Thibodeaux's termination.

Thibodeaux now moves for reconsideration of the Court's ruling that Global Force is not a joint tortfeasor with the Verizon Defendants. In the alternative, she moves the Court to enter final judgment pursuant to Rule 54(b) or 28 U.S.C. § 1292(b) as to the claim against Global Force.

## I.      Legal Standard

The starting point for evaluating whether interlocutory orders should be altered is Federal Rule of Civil Procedure 54(b), which provides, in relevant part, that any order which does not fully resolve all claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Namer v. Scottsdale Ins. Co.*, 314 F.R.D. 392, 393 (E.D. La. 2016) (Africk, J.) (quoting Fed. R. Civ. P. 54(b)). "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Bernard v. Grefer*, No. 14-887, 2015 WL 3485761, at *5 (E.D. La. June 2, 2015) (Fallon, J.).

## II.     Discussion

The Court, having considered Thibodeaux's motion, is unpersuaded that a reversal is warranted. Thibodeaux does not argue that her claim against Global Force is not prescribed. Instead, she alleges that Global Force is a joint tortfeasor with the Verizon Defendants and therefore interruption of prescription against them also

2

interrupted prescription against Global Force.[1] "A joint tortfeasor is one whose conduct (whether intentional or negligent) combines with the conduct of another so as to cause injury to a third party." *Milbert v. Answering Bureau, Inc.*, 120 So. 3d 678, 688 (La. 2013). Global Force and the Verizon Defendants are not joint tortfeasors as to Thibodeaux's alleged wrongful termination.

Thibodeaux claims that the Verizon Defendants terminated her employment based, in whole or in part, upon her race.[2] She alleges that the Verizon Defendants fired her on the pretext that she never filed an incident report after an encounter with an irate customer at a Verizon store.[3] She also claims that without Global Force's security guard's failure to intervene and remove the alleged belligerent customer from the store, Thibodeaux would have remembered to fill out the required safety report.[4] Thibodeaux's own version of events highlights that Global Force and the Verizon Defendants are not joint tortfeasors. There was no combination of conduct between Global Force and the Verizon Defendants that led the Verizon Defendants to intentionally terminate Thibodeaux because of her race.

If the Court is to believe that the Verizon Defendants engaged in racial discrimination, then nothing that Thibodeaux or Global Force did or did not do would have prevented her termination. Thibodeaux could only claim that Global Force's alleged negligence somehow contributed to her termination if the Verizon Defendants truly did end her employment because she failed to follow the required safety

---

[1] R. Doc. 10-1, Mot. For Remand and Requests for Atty. Fees, at 8.
[2] R. Doc. 1-2, Petition, ¶ 9.
[3] *Id.* ¶ 22.
[4] *See id.* ¶ 21.

protocols by not filing an incident report. However, if that was the case, then Thibodeaux's claim for racial discrimination falls apart because her at-will employment was terminated based on her failure to properly perform her managerial duties – not for the racially motivated reasons which she alleges.

Since the Court declines to reconsider its Order denying remand, the Court turns to Thibodeaux's alternative request for entry of final judgment. In an action involving more than one claim for relief, or when multiple parties are involved, Federal Rule of Civil Procedure 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Accordingly, the judgment must concern a separate and distinct claim, and it must in fact be a final determination of that claim. *See N.W. Enter. Inc. v. City of Houston*, 352 F.3d 162, 179 (5th Cir. 2003). The decision whether or not to make a Rule 54(b) determination is "left to the sound judicial discretion of the trial court." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002) (citing *Curtiss–Wright Corp. v. General Electric. Co.*, 446 U.S. 1, 8 (1980)).

In granting a motion to certify judgment under Rule 54(b), a district court must make two determinations. First, the district court must determine that "it is dealing with a 'final judgment.'" *Curtiss-Wright Corp.*, 446 U.S. at 7. The judgment is deemed final if "it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* The second finding the district court must make is that there is no just reason for delay in the entry of final judgment. *Id.* at 8.

4

First, in assessing the propriety of entering final judgment under Fed. R. Civ. P. 54(b), the Court must find that the ruling on which a finding of final judgment is sought is a sufficiently "final" determination of a claim. *See N.W. Enter. Inc*, 352 F.3d at 179.  In its Order and Reasons from May 6, 2026, the Court made a ruling denying remand and dismissing Plaintiff's claim against Global Force without prejudice. R. Doc. 13; *see D&J Investments of Cenla, L.L.C. v. Baker Hughes a GE Co.,* 52 F.4th 187, 195 (5th Cir. 2022) (holding that the district court did not abuse its discretion in certifying an order dismissing a party "without prejudice" as a final judgment under Rule 54(b)). As discussed above, the Court will not reverse its decision. Therefore, the Court has entered a final determination of the claim involving Global Force.

Second, the Court finds there is no just reason for delay in entering a final judgment on these claims. A certification of Global Force's dismissal as a final judgment avoids the hardship and injustice of a later remand or retrial if, upon appeal, Global Force is ultimately found to have been properly joined as a defendant. *See D&J Investments of Cenla, L.L.C. v. Baker Hughes*, No. 20-1174, 2021 WL 3553509, at *6 (W.D. La. Aug. 11, 2021) (Joseph, J.) *aff'd in part, vacated in part sub nom. Baker Hughes a GE Co., L.L.C.*, 52 F.4th 187 (citing *Larroquette v. Cardinal Health 200, Inc.*, No. 4-0117, 2004 WL 3132961, at *1 (E.D. La. Dec. 10, 2004), *aff'd*, 466 F.3d 373 (5th Cir. 2006) (finding no just reason for delaying entry of a final judgment "to avoid the hardship and injustice of a potentially needless retrial if the defendant is found not to have been fraudulently joined"). Therefore, the Court agrees with Thibodeaux that considerations of fairness and justice warrant the entry of final

judgment as to Global Force, so that the parties are not subjected to unnecessary expenses and hardships that may arise through further protracted litigation.

Accordingly;

**IT IS ORDERED** that the **Motion for Reconsideration of Order Denying Remand and Dismissing Global Force (R. Doc. 14)** filed by Plaintiff is **DENIED IN PART**. The Court declines to reconsider its Order denying remand and dismissing Global Force Security LLC.

**IT IS FURTHER ORDERED** that the **Motion for Entry of Final Judgment Under Rule 54(b) (R. Doc. 14)** is **GRANTED IN PART**. The dismissal of Global Force (R. Doc. 13) is hereby certified as the Court's Final Judgment as to Plaintiff's claim against Global Force Security LLC. The motion is **DENIED** as to Plaintiff's request to stay the proceedings against the Verizon Defendants pending appellate review.

August 5, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE